(Appeal No. 81–22)

A. J. Arango, Inc. *v.* The United States

(671 F. 2d 485)

United States Court of Customs and Patent Appeals, February 18, 1982,

*Herbert T. Posner, Esq.,* of New York, New York, attorney for appellant. *J. Paul McGrath,* Asst. Attorney General, *David M. Cohen,* Director, *Joseph I. Liebman,* Attorney-in-charge, and *Susan Handler-Menahem,* of New York, New York, attorneys for appellee.

[Oral argument on February 1, 1982 by *Herbert T. Posner* for appellant and *Susan Handler-Menahem* for appellee.]

Before Markey, *Chief Judge,* Rich, Baldwin, Miller, and Nies, *Associate Judges.*

Per Curiam.

This appeal is from the judgment of the United States Court of International Trade, 1 CIT 271, 517 F. Supp. 698 (1981), dismissing appellant's complaint that certain torsionally soft couplings, classified as shaft couplings under item 680.50, Tariff Schedules of the United States (TSUS), should be classified as parts of internal combustion engines under item 660.54, TSUS. After careful consideration of appellant's arguments, we are in full agreement with the reasoning of the opinion of the Court of International Trade, and, accordingly, the judgment is *affirmed.*

---

eliminate such flexibility in procedure. Thus where a party participated as *amicus* in the district court, he was, nevertheless, permitted to intervene in the circuit court. *See SCM Corp.* v. *USITC,* 404 F. Supp. 124 (D.D.C. 1975), *rev'd on other grounds,* 549 F. 2d 812 (CA D.C. 1977) (review of Commission Proceedings). In any event, every motion to intervene must be judged as of the time it is made.